I concur in the main opinion. I write specially to explain that, given the rule of lenity governing construction of criminal statutes, as set out in the main opinion, I *Page 184 
cannot conclude that the Legislature has manifested a clear intent to have the legal fiction of transferred intent, explicitly applicable in consummated homicides, applicable also to attempted murder. It is significant to me, in that regard, that the Legislature has otherwise "covered all the bases" for the results of Cockrell's criminal activity. He clearly could have been (and still may be, for all that appears) indicted for the attempted murder of Ivey. He clearly could have been indicted also for assault in the first degree of Fails under § 13A-6-20, Ala. Code 1975.
Because Cockrell "concedes that he intended to murder Ivey" and attempted to do so by shooting at Ivey with a pistol, Cockrell necessarily, "[w]ith intent to cause serious physical injury to another person, [caused] serious physical injury to any person by means of a deadly weapon. . . ." Section 13A-6-20(a)(1) (defining the offense of assault in the first degree). "Serious physical injury" is precisely that type of "[p]hysical injury which creates a substantial risk of death. . . ." § 13A-1-2(14). There was, and apparently remains, no legal impediment to indicting Cockrell for the attempted murder of Ivey and there was no legal impediment to indicting Cockrell for assault in the first degree as to Fails. This complete allocation of criminal culpability under a comprehensive legislative scheme furnishes some insight concerning the legislative intent regarding the applicability of the doctrine of transferred intent to the offense of attempted murder.